The next case this morning is 18-4166, Arlin Geophysical v. United States. Mr. Ross, if you could move right along, please. We're ready to hear you. Good morning, Your Honors. Good morning to you. Please, the Court. My name is David Ross. I represent the appellant, John Worthen, in this case. I'd like to go right to the crux of the matter, I believe, in this case. That is, in this particular case, the government has provided an argument, and I refer to page 35 of the government's brief, where they state that Congress omitted any redemption right for tax enforcement sales under 26 U.S.C. 7403 and 28 Section 2001. These are the sections the Court used to foreclose on property that the Court concluded was owned by my client. They go on to say omission is meaningful, and I'd like to interject and indicate that Congress didn't, it wasn't an omission, they just didn't include a provision, which is their argument, for a right of redemption. But I'll use their language in any event. Omission is meaningful because, quote, it is generally presumed that Congress acted intentionally and purposely when it included, when it includes language, in one section of a statute that omits it in another. End of quote. Citing BFP versus Resolution Trust Corporation, 511 U.S. 531, 1994 case. They argue this because they, in their set of facts, they indicate that in one section of the Internal Revenue Code, and that's Title 26, that, and that's in particular section is 6337, Congress did supply or provide a redemption rights, a federal redemption rights, not the state redemption rights, and they did this so it's uniform, so it covers every situation. And I think the rationale is clear. This is a case where the IRS has administrative process. They can go ahead and seize property and sell it. And I know the IRS does a very good job in trying to make sure that there's some due process here. They do have, require notice in advance. They also have right opportunity for a hearing if they're going to proceed in this manner. And they have to go up the chain to, for instance, seize somebody's home. I apologize, but I'm missing the point here. Well. Because this, because you've done a good job of articulating one of their arguments, and one of their arguments, frankly, seems fairly persuasive to me, so I take it you have a response to why it isn't persuasive, because, I mean, in fact, this, as it relates to levy and distraint, Congress sought to put in a state redemption rights provision. It didn't do that here. It's silent here. And so why shouldn't we be able to read from that, this selective omission and that they didn't mean to give one? Well, and let me proceed with the argument. There are several things that I'm going to provide this court with for you to think about. But in any event, the process here was to give some due process. In the other section, where they have not. Well, let me ask, have you briefed fully the underlying background of due process that you just referred to, that is the deprivation of property without due process? Does process include, constitutionally include the right of redemption? Well, the IRS, I think. That's why I threw in all these others. In substance, that's your argument. But have you addressed it, briefed it? Well, I don't think it's fully briefed in the briefs, Your Honor. There's reference to it. There's reference to the rest of what I'm going to present as an argument. I'm just kind of showing an example. So I guess without further ado, I'll go to the main crux of my argument. In this statute, they're referring to we've got a situation where one section of the code, the Internal Revenue Code, gives redemption rights. They don't under Section 7403, the section that was used to foreclose on the property, along with 28 U.S.C. 2001. But you go to Title 28, Section 2410, and we do refer to that in our brief. And this is a section that has to do with affecting property on which the United States has a lien. In this particular statute, this is also a statute that has language that's applicable in this case. It states in this under Subsection C that, and I'll first read, where sale of real estate is made to satisfy the lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem and accept that with respect to a lien arising under the Internal Revenue Service laws, the period shall be 120 days or the period allowable for redemption under state law, whichever is longer. So they have actually, in this particular case, indicated that, and this is a case at hand, where the Internal Revenue Service is involved, they will look to the state law if the period is longer. It's not that they're saying that there's a redemption right, but they're recognizing that states have redemption rights in this particular statute. And you were reading from 2010 statute? Yes. Okay. Title 28, 2010. Which appears not to have been cited in your opening brief at all. It is. Okay, I'm looking at the table of contents and I don't see it. Yeah, it's at pages 6, 8, 9, 10, 11, I believe. Okay. All right. Okay. It's 2410, right? Oh, I'm sorry. 2410. What did I say? 2010. Oh, I'm sorry. 2410. All right. Apologize, Your Honor. And then they go on, in any case, there's under Section 505 of the Housing Act and so forth, and under the 3720 of Title 38, I think it has to do with the Veterans Administration, they say that, that goes on to say that the right to redeem does not arise, and they specifically say there shall be no right of redemption. So now we know that Congress is prone to say there's no right of redemption if there's no right of redemption. What the government is inferring, that that is what they're placing into 28-2001 and 26-7403. If you apply their same theory under that case that I just cited, that it is generally presumed that Congress acted intentionally and purposely when it includes language in one section of a statute, which this would be the 2410, but omits it in another. So I think it's the same argument could be made, that Congress intentionally left that language out of 7403 and 2001. So that's the primary thrust of our argument, Your Honor. Is this all a theoretical proposition or has, in fact, the underlying value of the property, does, in fact, the underlying value of the property exceed the debt, the liability of the tax? No, it's just the opposite. The debt in this case was $18 million and the property is maybe $300,000 or $400,000. Well, is there any realistic possibility of redemption if that's the case? Well, there was. By the taxpayer. By the taxpayer, yes, there is. How so? Well, he's filed bankruptcy, so there's no longer any debt on his part. So he does not owe the Internal Revenue Service anything at this point in time. The reason they were able to proceed against the property is they had the lien on the property before he filed bankruptcy to discharge his tax liability. So the lien stayed with the property. There's a number of circuit cases that have ruled against you on this issue. Can you point us to any authority, case law, that supports your position that the absence of the redemption rights somehow means we look to state law with respect to these particular federal lien statutes? Well, I would point to I believe that those cases were wrong to apply this theory when typically a statutory interpretation, if the statute in this case, 26 U.S.C. 7403 and 28 U.S.C. 2001, they're both clear. They both can be interpreted on their own. They don't need to have a theory that says that because in one section of law there's some language and therefore that means that Congress intended, since they didn't allow for redemption rights in 7403 or 2001, that it's Congress. Well, I guess I'm asking something more fundamental here. State law controls the nature of the property interest, but federal tax lien statutes control the consequences of that property interest. I don't understand how you're getting outside of those statutes to, even if they're silent, how do you get to state law? Well, because it's very similar to what this Court has done in cases of statutes to limitations where, for instance, in Boundary v. United Airlines, Inc., and that's a Tenth Circuit case, it's 956 Federal 2nd 999, and it's at pages 1004 through 1006, 1992. In that case, you follow the rule that where there isn't any provision, the statute of limitations, the rule is that you would apply the state law that is most analogous to that particular federal statute that did not have a statute of limitations. I think you said you wanted to reserve the rest of your time. Yes, I'd rather reserve. Thank you, Your Honor. Thank you. Good morning. May it please the Court, my name is Paul Aloulis, appearing on behalf of the Commissioner for Internal Revenue, excuse me, the United States. Your Honor, there are three reasons why this Court should affirm the District Court. First, Mr. Worthen either waived or invited the error of which he complains. Second, because the statutes in question do not allow a right of redemption under these circumstances. And third, because even if the state law redemption rules would apply in this case, Mr. Worthen did not follow all of the steps necessary to effectuate a redemption under those statutes. Mr. Aloulis, as the broad constitutional concept of allowing a statute under which no right of redemption is granted, has that been tested constitutionally? I'm not aware of a case, Your Honor, specifically addressing due process concerns under those circumstances. I would say in the context of Section 7403, which is the provision of the Internal Revenue Code under which this foreclosure was ordered by the District Court, the Supreme Court has carved out some factors for District Courts to consider to ensure, specifically with respect to what the Supreme Court has referred to as innocent third parties, to ensure that those property rights are protected in any judicial sale under Section 7403. And that's in the Rogers case. Typically, it comes up in circumstances where you have a liable spouse and a non-liable spouse. And the District Court is authorized to consider whether the non-liable spouse's property interests will be protected through a judicial sale. Also, the Court has made clear that under Section 7403, a District Court is not required to order a sale of property. The District Court does enjoy some limited discretion to not order a sale of property, and it only orders a sale of property after it has adjudicated all claims of all parties that may claim an interest in the property. So I think that there's built into the Section 7403 process substantial due process rights for not only the taxpayer but also any other third party who may claim an interest in the property. And in that regard, the government is required to name, as a defendant in a Section 7403 action, any party who may claim an interest in the property. And so all of those interests get adjudicated before the District Court orders a sale pursuant to Section 7403. And I think that that is one of the things that distinguishes Section 7403, where Congress did not include a right of redemption, from Section 6337, when the IRS proceeds pursuant to levy powers, where the court did provide a right of redemption. Because when the IRS proceeds according to levy, there is no judicial involvement before that. It's a summary proceeding, and the IRS can seize the property and then sell it, subject to certain notice requirements. Under Section 7403, there's all of this judicial involvement and judicial determination of the rights of the competing parties before the sale is ordered. So that stands in lieu of redemption? I don't think that there's legislative history specifically explaining Congress's reasoning here, but I think that the difference between those two statutes can illuminate why there might be a difference between those two statutes. Got it. I think it absolutely is clear that Section 6337 includes a right of redemption for anyone who may claim an interest in the property, not only the taxpayer. And Section 7403 doesn't. Is 2410 relevant here at all? I don't think it is, Your Honor. Why not? Because this property was sold pursuant to a judicial order under Section 7403. Section 2410 controls the situation when a lien holder, a mortgage holder, is pursuing a state foreclosure action, and the United States may have a lien on that property. Section 2410 allows the mortgage holder, in that instance, to name the United States as a defendant in that action, and then that may have certain consequences for the United States' lien, depending on how the statute applies. But I guess my understanding of what opposing counsel is doing with that statute is using a can of construction and essentially saying that, well, they put in no redemption allowed here, while if Congress knows how to use that language, why didn't they put it in the statute at issue here? What do you say to that? Yes, Your Honor, and what I would say is Congress didn't simply say no right of redemption. First, it granted the United States a right of redemption, and then it provided exceptions to that grant of a right of redemption. And so there's two points there. First, Section 2410 only grants a right of redemption to the United States. It doesn't grant such a right to anyone else. After it grants that right of redemption to the United States, it delineates two circumstances under which there would not be such a right of redemption. And when it says no such right of redemption or no right of redemption, it's referring specifically back to the right of redemption that it had granted in the sentence immediately preceding it to the United States. And there's nothing, there's no corollary, or, I mean, there's no related principle in the statute at issue here. No, there was no need for Congress to say no right of redemption in 7403 because it never granted one to anyone in the first place. So that language wasn't required. And I think that Section 2410, which, by the way, is Title 28, not Title 26, again, that statute, I think, illustrates that Congress knows how to incorporate right language granting a right of redemption when it chooses to and incorporating state law when it chooses to. In that statute, Congress, as Mr. Ross pointed out, said that the United States gets a certain amount of time for a right of redemption, and that time may either be 120 days or the time granted for such a redemption under local law. So Congress very specifically and narrowly incorporated one provision of state law into that statute. It didn't wholesale incorporate all of the procedures that might apply for a state foreclosure proceeding into that right of redemption. I did want to address one response that Mr. Ross gave to Judge Acero's question regarding the value of the property and whether it exceeds the debt and whether a redemption would even be practical here. It's the government position that it would not be practical here because, as we've pointed out in our brief, the federal tax lien would reattach to the taxpayer's property in these circumstances because there still would remain nearly an $18 million debt. Now, Mr. Ross indicated that Mr. Worthen... Is that correct that the bankruptcy court discharge of a tax liability does not discharge the lien of the government? There's two issues involved here, Your Honor. The bankruptcy discharge is a personal discharge. It discharges any action personally against the debtor. Any lien that attach to the debtor's property prior to the bankruptcy follows the property through the bankruptcy. Now, there's a related question, which is, does the lien attach to property acquired by the debtor after the bankruptcy? The federal tax lien attaches to all property... That's not the situation here, is it? Well, if the taxpayer were to redeem the property, now the taxpayer has reacquired a new piece of property, and it's our position that the tax lien would attach to that property when it comes back into the taxpayer's ownership. Now, if the bankruptcy discharge, in fact, had discharged Mr. Worthen's $18 million tax liability, then there would be some question as to whether the federal tax lien could attach to after-acquired property. But it did not. That issue has not yet been adjudicated, Your Honor. However, there is provision of the bankruptcy code, Section 523A1C. Section 523 delineates exceptions to the bankruptcy discharge. One of those is in Section 523A1C, which prevents the discharge of tax debts for which a taxpayer has in any matter attempted to evade or defeat those taxes. This issue has not yet been adjudicated in a court. There has been no dischargeability proceeding yet. It would be the government's position, however, that given the history of Mr. Worthen's tax liabilities, the bankruptcy discharge would not apply to discharge his tax liabilities, as was discussed in the... You don't mean tax liabilities, but tax lien. No, in fact, the liabilities themselves, Your Honor, yes. Pursuant to Section 523A1C, if the government were successful in a dischargeability proceeding, if the government were successful in demonstrating that Mr. Worthen had attempted to evade or defeat his tax liabilities, the bankruptcy discharge would not discharge those liabilities. The $18 million. The $18 million. And as was discussed more fully in the briefs in the first appeal of this case last year, there's a long history of tax evasion here by this taxpayer involving more than one criminal proceeding. And so, although it hasn't yet been determined in court, I think that the government would have a very substantial case to argue that, in fact, those tax liabilities have not been discharged. And so, coming all the way back to where we started, I think that answers Your Honor's question about whether a redemption right here would even be practical because it's our position that it would not be. Thank you. And I think if the court has no further questions, then we would submit on our briefs. No further questions. Thank you. Thank you. First seat for the rest of your time. Counsel, I think you have two minutes remaining. Okay. Just slide two. Instead of addressing the other legal issue, just the bankruptcy issue because it seems to weigh on the court's mind. He was discharged years ago in bankruptcy. The United States was a party to that bankruptcy. There was an adverse action filed, and that didn't go anywhere. I don't think it's a... Did the order of discharge reference the lien? Was the lien specifically discharged? No. That's why we're here because it wasn't discharged, so the government still maintained a lien on that property. So you still have an $18 million lien on that property. Right. Well, that goes to the point Judge Cicero raised earlier, which is you have an $18 million lien on the property, so if you were to get the property, why would you... I mean, it would just go to the tax man, wouldn't it? Well, when you say it's got an $18 million lien on the property, if the property is sold free and clear, that lien doesn't apply after the sale, which was stipulated to, and it was sold. Right, but to redeem, you've got to come up with $18 million, right? No. Oh, no, no, no. You just have to come up with the amount that was paid at the sale from the purchaser, which is $145,000. That's the law. That's a novel argument. Thank you, Your Honor. Thank you. Anything further? All right, thank you. Case is submitted. Counsel are excused.